```
_____ FILED  _____ ENTERED
_____ LODGED _____ RECEIVED

       NOV 21 2003    DJ

           AT SEATTLE
     CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARRIE SUZANNE WUERFEL, | )<br>) |
| and | )<br>) |
| JOHN ANDREW WUERFEL,<br>husband and wife, | )<br>)<br>) **CV03  3660** |
| Plaintiffs, | ) NO. |
| v. | )<br>) COMPLAINT FOR DAMAGES |
| THE CITY OF SEATTLE,<br>a municipal corporation, | )<br>)<br>) |
| and | ) 03-CV-03660-CMP<br>) |
| PENELOPE A. FULMER, in her<br>capacity as a police officer for the<br>City of Seattle and as an individual, | )<br>)<br>) |
| and | )<br>) |

COMPLAINT FOR DAMAGES - 1

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

SARA SPRINGER, in her capacity as )
a police officer for the City of Seattle and )
as an individual, )
)
and )
)
DAVID GAVERNIK, in his capacity as )
a police officer for the City of Seattle )
and as an individual, )
)
                    Defendants. )
)

## INTRODUCTION

1. This is a civil action seeking damages against the above-named defendants. The civil claims include common law tort causes of action, statutory causes of action, and offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America.

## JURISDICTION AND VENUE

2. This Court has personal and subject matter jurisdiction over plaintiffs' federal civil rights claims under Title 42, United States Code, § 1983, and Title 28, United States Code, §§ 1331 and 1343(a)(3).

3. This Court has pendent jurisdiction over plaintiffs' state law claims and over defendants as to said claims, pursuant to Title 28, United States Code, § 1367 (Judicial Improvements Act of 1990), Public Law No. 101-650, 104 Stat. 5089 (1990).

COMPLAINT FOR DAMAGES - 2

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

4. The acts and omissions complained of herein occurred in King County, Washington, and the defendants are residents and citizens of the State of Washington.

5. Plaintiffs are residents and citizens of the state of Washington.

6. Venue in this Court is proper pursuant to Title 28, United States Code, § 1391.

## PARTIES

7. Plaintiff Carrie S. Wuerfel is a citizen of the United States and a citizen and resident of the state of Washington.

8. Plaintiff John A. Wuerfel is a citizen of the United States and a citizen and resident of the state of Washington.

9. At all times material to this complaint, defendant Penelope Fulmer was a police officer employed by defendant City of Seattle. At all times material to this complaint, defendant Penelope Fulmer was an agent and employee of defendant City of Seattle and was acting within the scope of her employment with the City of Seattle, under color of the laws of the State of Washington.

10. Defendant Penelope Fulmer is sued in her individual capacity and in her official capacity as an agent and employee of defendant City of Seattle.

11. At all times material to this complaint, defendant Sara Springer was a police officer employed by defendant City of Seattle. At all times material to this complaint, defendant Sara Springer was an agent and employee of defendant City of Seattle and was

COMPLAINT FOR DAMAGES - 3

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

acting within the scope of her employment with the City of Seattle, under color of the laws of the State of Washington.

12.  Defendant Sara Springer is sued in her individual capacity and in her official capacity as an agent and employee of defendant City of Seattle.

13.  At all times material to this complaint, defendant David Gavernik was a police officer employed by defendant City of Seattle. At all times material to this complaint, defendant David Gavernik was an agent and employee of defendant City of Seattle and was acting within the scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

14.  Defendant David Gavernik is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

COMPLAINT FOR DAMAGES - 4

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

## FACTUAL ALLEGATIONS

15. On November 23, 2001, plaintiffs Carrie Wuerfel and John Wuerfel lived in their residence at 9546 - 46th Avenue Northeast in Seattle, Washington, hereinafter referred to as the Wuerfel family home.

16. Carrie and John Wuerfel were the franchise operators of an ice cream store.

17. At approximately 11:27 p.m. on November 23rd, a caller telephoned 911 and reported that she heard sounds of a disturbance in the Wuerfel family home. The caller reported that a female at the residence had blonde hair.

18. Defendants Fulmer and Gavernik went to the Wuerfel family home and arrived there at 12:45 a.m., one hour and 13 minutes later.

19. Defendants Fulmer and Gavernik went to the front door of the home. They did not hear anything. There were no sounds of a struggle or sounds of people in distress or sounds of things breaking.

20. The officers did not interview the caller and had no personal knowledge of the caller's reliability or basis of knowledge.

21. Defendant Fulmer knocked on the door, waited, and knocked again. She heard a male say "hold on a minute". Plaintiff Carrie Wuerfel answered the door. She did not answer the description that the officer had received via radio.

22. Officer Fulmer asked Carrie Wuerfel if everything was okay and the response was "yes".

23. At that point, Officer Fulmer entered the Wuerfel family home over plaintiff

COMPLAINT FOR DAMAGES - 5

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

Carrie Wuerfel's objection. Plaintiff John Wuerfel told Officer Fulmer that she could not come in because she did not have a search warrant.

24. Defendant Fulmer forced her way into the Wuerfel family home, followed by defendant Gavernik.

25. The entry was done without a warrant.

26. Plaintiff Carrie Wuerfel dialed 911 to report Fulmer's actions and stated she wanted to call her attorney.

27. The officers saw no injuries to either plaintiff Carrie Wuerfel or plaintiff John Wuerfel.

28. Defendant Fulmer began to conduct a frisk of plaintiff John Wuerfel.

29. Carrie Wuerfel called 911. She was approached by defendant Fulmer, who told her that she had to get off the phone. The 911 operator dispatched a Seattle Police Department supervisor to the scene.

30. Defendants arrested plaintiffs Carrie and John Wuerfel. During the arrest process, defendant Fulmer unreasonably caused bodily injury to John Wuerfel.

31. Defendants did not have probable cause to arrest the plaintiffs.

32. The arrest was screened and approved by defendant Springer.

33. Defendants knew or should have know that there was no probable cause to arrest the plaintiffs.

34. Defendants transported plaintiffs Carrie and John Wuerfel to the King County jail and incarcerated them there.

COMPLAINT FOR DAMAGES - 6

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

35. Plaintiffs were subsequently prosecuted in Seattle Municipal Court regarding the incident. Through their retained attorney, plaintiffs moved to suppress based upon the unlawful police entry. The municipal court judge ruled that the police entry violated the plaintiffs' right to be free of unreasonable searches in their homes under the Constitutions of the United States and the State of Washington. The judge granted the motion to suppress. The charges against the plaintiffs were dismissed with prejudice.

36. As a proximate cause of the acts and omissions of defendants, plaintiffs suffered personal injuries, including, but not limited to, bodily injury, pain and suffering, loss of liberty, emotional distress and other consequential damages.

### FIRST CAUSE OF ACTION: VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

37. Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 36.

38. The acts and omissions of defendants herein were done under color of state law, custom or usage.

39. Carrie Wuerfel was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

40. Carrie Wuerfel had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable seizure.

COMPLAINT FOR DAMAGES - 7

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

41. The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of Carrie Wuerfel.

42. John Wuerfel was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

43. John Wuerfel had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable seizure.

44. The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of John Wuerfel.

45. As a proximate result of the acts and omissions of defendants and deprivation of plaintiffs' Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

## SECOND CAUSE OF ACTION: WARRANTLESS ENTRY INTO HOME WITHOUT WARRANT IN VIOLATION OF THE FOURTH AMENDMENT

46. Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 45.

47. The acts and omissions of defendants herein were performed under color of state law, custom or usage.

48. Carrie Wuerfel and John Wuerfel had a federally-protected right under the Fourth Amendment to the United States Constitution not to have their home entered without a warrant.

COMPLAINT FOR DAMAGES - 8

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

49. The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of the plaintiffs.

50. As a proximate cause of the acts and omissions of defendants and deprivation of plaintiffs' Fourth Amendment rights, plaintiffs suffered personal injuries as set forth hereinabove.

## THIRD CAUSE OF ACTION: ARREST WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT

51. Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 50.

52. The acts and omissions of defendants herein were performed under color of state law, custom or usage.

53. Carrie Wuerfel was arrested, for purposes of the Fourth Amendment, when she was seized, handcuffed, and taken into custody.

54. Carrie Wuerfel had a federally-protected right, under the Fourth Amendment, not to be arrested by defendants without probable cause.

55. The defendants lacked probable cause to arrest Carrie Wuerfel.

56. The acts and omissions of defendants herein, and each of them, proximately caused the deprivation of Carrie Wuerfel's Fourth Amendment rights.

57. John Wuerfel was arrested, for purposes of the Fourth Amendment, when he was seized, handcuffed, and taken into custody.

COMPLAINT FOR DAMAGES - 9

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

58. John Wuerfel had a federally-protected right, under the Fourth Amendment, not to be arrested by defendants without probable cause.

59. The defendants lacked probable cause to arrest John Wuerfel.

60. The acts and omissions of defendants herein, and each of them, proximately caused the deprivation of John Wuerfel's Fourth Amendment rights.

61. As a proximate result of the acts and omissions of defendants and deprivation of plaintiffs' Fourth Amendment rights, plaintiffs suffered personal injuries as set forth hereinabove.

## FOURTH CAUSE OF ACTION: VIOLATION OF FOURTH AMENDMENT PROHIBITION AGAINST THE USE OF UNREASONABLE FORCE

62. Plaintiff John Wuerfel hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 61.

63. The acts and omissions of defendants herein were done under color of state law, custom or usage.

64. John Wuerfel was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants as set forth herein.

65. John Wuerfel had a federally-protected right, under the Fourth Amendment, not to be subjected to the use of unreasonable force against his person.

66. The acts and omissions of defendants herein proximately caused the deprivation of John Wuerfel's Fourth Amendment rights.

COMPLAINT FOR DAMAGES - 10

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

67. As a proximate result of the acts and omissions of defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiff John Wuerfel suffered personal injuries as described hereinabove.

## FIFTH CAUSE OF ACTION: MUNICIPAL LIABILITY OF THE CITY OF SEATTLE

68. Plaintiffs hereby incorporate and reallege as though fully set forth herein each and every allegation of paragraphs 1 through 67.

69. At all times material to this complaint, defendant City of Seattle, by and through its chief of police, had in effect certain explicit and *de facto* policies, practices and customs which were applied to the warrantless entry of the Wuerfel family home and the detention and arrest of Carrie and John Wuerfel.

70. For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to arrest and detain the plaintiffs without probable cause in violation of their Fourth Amendment rights as set forth hereinabove.

71. It was further the policy of the City of Seattle, by and through its chief of police to approve, acquiesce, condone and ratify the unreasonable seizure and detention of the plaintiffs in the incident described hereinabove, in violation of their Fourth Amendment rights.

COMPLAINT FOR DAMAGES - 11

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

72. For purposes of liability for said policies, practices and/or customs, the chief of police was the authorized policy-maker on police matters, and his decisions, explicit and *de facto*, were and are binding on defendant City of Seattle.

73. The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the unreasonable seizure and detention of the plaintiffs in the incident described herein, in violation of their Fourth Amendment rights, was a deliberate choice by defendant City of Seattle, by and through its mayor and/or chief of police.

74. For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to utilize unreasonable force in violation of the Fourth Amendment rights of plaintiff John Wuerfel in the arrest process, set forth hereinabove.

75. It was further the policy of the City of Seattle, by and through its chief of police, to approve, acquiesce, condone and ratify the use of unreasonable force in violation of the Fourth Amendment rights of the plaintiff in the incident described hereinabove.

76. For purposes of liability for said policies, practices and/or customs, the chief of police was the authorized policy-maker on police matters, and his decisions, explicit and *de facto*, were and are binding on defendant City of Seattle.

77. For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to enter the plaintiffs' home without a warrant in violation of their Fourth Amendment rights as set forth hereinabove.

78. It was further the policy of the City of Seattle, by and through its chief of police, to approve, acquiesce, condone and ratify the warrantless entry into the home of

COMPLAINT FOR DAMAGES - 12

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

the plaintiffs in the incident described hereinabove, in violation of their Fourth Amendment rights.

79. For purposes of liability for said policies, practices and/or customs, the chief of police was the authorized policy-maker on police matters, and his decisions, explicit and *de facto*, were and are binding on defendant City of Seattle.

80. The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the warrantless entry into the home of the plaintiffs in the incident described herein, in violation of their Fourth Amendment rights, was a deliberate choice by defendant City of Seattle, by and through its chief of police.

81. These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiffs as set forth hereinabove.

82. The above-described policies, practices and customs of defendant City of Seattle proximately caused the deprivation of the Fourth Amendment rights of the plaintiffs.

83. As a proximate result of the above-described policies, practices and customs of defendant City of Seattle, and as a result of the deprivation of plaintiffs' Fourth Amendment rights, plaintiffs suffered personal injuries as set forth hereinabove.

84. At all times material herein, defendant City of Seattle had a duty, under the United States Constitution, to properly supervise Seattle police officers.

COMPLAINT FOR DAMAGES - 13

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

85. At all times material herein, defendant City of Seattle had a duty, under the Fourth Amendment to the United States Constitution, to train Seattle police officers not to enter the plaintiffs' home without a warrant, arrest them without probable cause, or use unreasonable force in the arrest process.

86. Defendant City of Seattle failed to properly supervise the individual defendants.

87. Defendant City of Seattle failed to properly train the individual defendants.

88. The above-described failures to supervise and train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiffs as set forth hereinabove.

89. The above-described failures by defendants to properly supervise and to properly train the individual defendants proximately caused the deprivation of the constitutional rights of the plaintiffs as set forth hereinabove.

90. As a proximate result of the failure of defendants to properly supervise and train, and as a result of the deprivation of plaintiffs' constitutional rights, plaintiffs suffered personal injuries as set forth hereinabove.

### SEVENTH CAUSE OF ACTION: ASSAULT AND BATTERY

91. Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 90.

COMPLAINT FOR DAMAGES - 14

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

92. Defendants assaulted and battered plaintiffs Carrie Wuerfel and John Wuerfel.

93. Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior*. Defendants Fulmer, Springer and Gavernik are not being sued in this cause of action.

94. As a direct, proximate and foreseeable result of the wrongful actions described hereinabove, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court.

## EIGHTH CAUSE OF ACTION:
## FALSE ARREST/FALSE IMPRISONMENT

95. Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 94.

96. Defendants arrested and imprisoned plaintiffs Carrie Wuerfel and John Wuerfel without probable cause.

97. Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior*. Defendants Fulmer, Springer and Gavernik are not being sued in this cause of action.

98. As a direct, proximate and foreseeable result of the wrongful actions described hereinabove, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court.

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

## PUNITIVE DAMAGES ALLEGATIONS

99. Plaintiff hereby incorporates and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 98.

100. The acts and omissions of defendant Fulmer herein were motivated by evil motive or intent, or involved reckless or callous indifference to the constitutional rights of the plaintiffs as set forth hereinabove.

101. Defendant City of Seattle should indemnify defendant Fulmer for any damages awarded against her at the trial of this action, including punitive damages.

102. Defendant City of Seattle is responsible for the fault of defendant Fulmer because she was acting as an agent or servant of the City. Defendant City of Seattle is liable for all damages awarded against defendant Fulmer, including punitive damages. RCW 4.22.070(1)(a).

85. Since Carrie Wuerfel and John Wuerfel are fault-free plaintiffs, defendant City of Seattle is jointly and severally liable for all damages awarded, including punitive damages. RCW 4.22.070(1)(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

Compensatory Damages: The defendants should be required to pay compensatory damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 16
**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101

<u>Punitive Damages</u>: The defendants should be required to pay punitive damages in an amount to be proven at trial pursuant to Title 42, United States Code, § 1983; Title 42, United States Code, § 1988; RCW 4.22.070(1)(a); and RCW 4.22.070(1)(b).

<u>Attorneys' Fees</u>: The defendants should be required to pay the plaintiffs' reasonable attorneys' fees and costs pursuant to Title 42, United States Code, § 1988.

<u>Other Relief</u>: The Court should grant the plaintiff such other and further relief as the Court deems just and equitable.

DATED this the ____ day of November, 2003.

Respectfully submitted,

MUENSTER & KOENIG

By: _____
JOHN R. MUENSTER
WSBA No. 6237
Attorney at Law

Of Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES - 17

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98104
(206) 467-7500
FAX: (206) 467-0101